UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81104-BLOOM/Reinhart

GREENWAY NUTRIENTS, INC.,

    Plaintiff,

v.

ECOWIN CO., LTD., *et al*.,

    Defendants.
_____/

## ORDER ON DEFAULT JUDGMENT PROCEDURE AND ON MOTION TO STAY

**THIS CAUSE** is before the Court upon the Clerk's Entry of Default as to Defendant Ecowin Co., Ltd. ("Defendant" or "Ecowin"), ECF No. [91], filed on March 6, 2019. Also before the Court is Defendants James Ryan, Michael Ryan, and the Ryan Law Group's (the "Ryan Defendants") Motion to Stay Entry of Rule 55 Default Judgment Against Ecowin Co., Ltd. ("Motion"), ECF No. [90].

**Order on Default Procedures:**

Upon review of the record, it appears that Defendant has indeed failed to respond to the Complaint or otherwise appear in this action. Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff must file one of the following two responses by **March 20, 2019:**

**(1)** Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between

---

[1] If there are multiple Defendants, Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

Defendants, Plaintiff shall file a *Motion for Default Final Judgment*.

The *Motion for Default Final Judgment* must include affidavits of any sum certain due by Defendant, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order which details both the **factual and legal basis for default**; and (3) a proposed final judgment.[2] Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at bloom@flsd.uscourts.gov. Plaintiff shall send a copy of the *Motion* to Defendant's counsel, or to Defendant if they do not have counsel. In the Certificate of Service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent. Plaintiff shall not rely solely on the Court's CM/ECF system to effect such service.

If Defendant fails to move to set aside the Clerk's Default, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

**(2)** Alternatively, where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendant's liability. Once liability is resolved as to all Defendants, Plaintiff

---

[2] These last two are required by Local Rule 7.1(a)(2).

may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

Plaintiff's failure to file for a *Motion for Default Final Judgment* or *Notice of Joint Liability* within the specified time will result in sanctions, including but not limited to, **dismissal** without prejudice as to these Defendants.

**The Ryan Defendants' Motion to Stay:**

In their Motion, the Ryan Defendants move the Court to stay the entry of default judgment against Defendant Ecowin. ECF No. [90]. The Court first notes that counsel for the Ryan Defendants do not represent Defendant Ecowin. Despite allegedly being served pursuant to the procedures of the Hague Convention, (ECF No. [73], at 2), Defendant Ecowin has failed to appear, respond to the claims asserted against it, or otherwise participate in this action. Further, the Ryan Defendants' Motion improperly asserts argument on behalf of an unrelated Defendant. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). After a review of the Motion, the Court finds that no good cause exists warranting the stay of the entry of default judgment against Defendant, and thus the Motion, **ECF No. [90]**, is **DENIED**.

Case No. 18-cv-81104-BLOOM/Reinhart

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of March, 2019.

*[signature]*

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Ecowin Co., Ltd.
62, Seongseogondan-ro 11-gil, Dalseo-gu, Deagu, 42713
(Rm 522, Building No. 2, Daegu Techno Park Venture)

4