UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 18-cv-81104-BB (BLOOM)

GREENWAY NUTRIENTS, INC., a Colorado corp.

    Plaintiff,
v.

DAVID SELAKOVIC, an individual; STEVEN BLACKBURN, an individual; FULLFILMENT SOLUTIONS SERVICES, INC., a Fla. corp.; NEW EPIC MEDIA, LLC, a Fla. limited liability company; VEGALAB S.A., a Swiss company; VEGALAB LLC, a Delaware limited liability company; VEGALAB INC., f/k/a HPC ACQUISITIONS, INC.; THE RYAN LAW GROUP, LLC; JAMES D. RYAN; MICHAEL J. RYAN; SUPREME GROWERS, LLC; ECOWIN CO., LTD.; and DOE ENTITIES 1 THROUGH 10, INCLUSIVE

    Defendants.
_____/

## RYAN DEFENDANTS' RESPONSE IN OPPOSITION TO [DOC.96] PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND MEMORANDUM OF LAW

Defendants, RYAN LAW GROUP PLLC, MICHAEL J. RYAN and, JAMES D. RYAN (collectively, RYAN defendants), respond in opposition to the motion to withdraw of Plaintiff's counsel (Doc. 96), stating:

Memorandum of Law

The RYAN defendants would be unduly and unjustifiably prejudiced by the withdrawal of Plaintiff's counsel under the circumstances. This is the seventh known case in which the Plaintiff has acted to combat perceived wrongs arising out of the same facts and circumstances forming the basis of this litigation.

In two of those, the 2013 Colorado Action and the 2017 Florida Action, (*See*: Doc. 25 for the list of prior related cases, and Doc. 51 for the order judicially noticing them), counsel for Plaintiff GREENWAY successfully withdrew, sending the cases on a path toward involuntary

dismissal without prejudice, the ultimate ends for which were dependent on Plaintiff's effort or ability to timely find new counsel. The RYAN defendants are justifiably concerned that GREENWAY will once again act dilatorily or be unable to find replacement counsel in a timely manner, causing this case to conclude by way of an involuntary dismissal without prejudice.

An involuntary dismissal without prejudice is prejudicial to the RYAN defendants in several ways:

- First, GREENWAY has, on multiple occasions, demonstrated a willingness to revise its version of the facts so that it can renew its vexatious efforts. History teaches us the Plaintiff will use the issues it raised here to assert claims in the future.
- Second, the RYAN defendants have expended substantial time and effort educating Plaintiff's counsel with significant informal discovery. If Plaintiff manages to secure new counsel but does not do so until *after* present counsel has been allowed to exit this case, the RYAN defendants will have to repeat their efforts.
- Third, unlike a voluntary dismissal, an involuntary dismissal without prejudice imposes an unnecessary and potentially impossible hurdle to the RYAN defendants' contemplated claim for malicious prosecution[1], in terms of the bona fide termination element of the cause of action. Compare: *Cohen v. Corwin*, 980 So. 2d 1153, 1156 (Fla. 4th DCA 2008) (A voluntary dismissal qualifies as a bonafide termination of a prior action depending upon the reasons and circumstances underlying the dismissal).

Denial of the Motion to Withdraw is less prejudicial to GREENWAY and its counsel than the prejudice the Ryan defendants will experience if the Motion is granted. Plaintiff and its counsel will have to do more work or voluntarily dismiss— either one of which is fair in light of the considerable true, factual information available to them before this case was filed, and that Plaintiff's counsel either neglected to consider or outright ignored. Although GREENWAY counsel may be uncomfortable voluntarily dismissing their client's claim without consent,

---

[1] Although Rule 11 can provide some protection against malicious claims it rarely provides full relief for the damages such conduct can cause and the parsing of fees as to all of the various parties is not simple. It does not provide a comprehensive remedy for conduct as egregious as is present in this matter.

counsel are prohibited from maintaining claims they know are unsupported by fact and law, and Plaintiff's counsel knew this when they initiated this action.

As an alternative to the relief requested, existing deadlines could be extended and Plaintiff could begin its search for new counsel now. If its efforts are successful, current counsel would be relieved of further obligation by filing a substitution of counsel— if GREENWAY is truly desirous of continuing with these claims. This alternative also places at least some of the burden of bringing any new counsel up to speed on the Plaintiff's present legal team instead of burdening the RYAN defendants with the job. If after 30 or 60 days Plaintiff is unable or unwilling to find new counsel, present counsel could resolve their predicament by then filing a voluntary dismissal.

The interests of judicial economy are also served by denying the Motion. There is significant likelihood another court will be forced to repeat at least some of the efforts made by prior courts and this court to become familiar with the long history and issues.  In the instant case, the RYAN defendants began sending Plaintiff's counsel informative correspondence on the day they were served with the Complaint[2]. This informal discovery was intended to alert Plaintiff's counsel that the RYAN defendants believed Plaintiff's counsel failed to evaluate the underlying facts before filing suit, and to show them where reasonable efforts would have revealed the sham nature of their case. To the extent the RYAN defendants' belief is correct, it is not unjust that Plaintiff's counsel should now be required to shoulder a short term burden so that a future court may not have to.

The unique circumstances today resulting from the extensive litigation history churned by Plaintiff justify the Court's denial of the Motion without prejudice so that the case can either be voluntarily dismissed or adjudicated on the merits. Although the Ryan Defendants accept motions of this type are, and should be, routinely granted, denying the Motion in this case is the most likely path to a just and final result.

The Motion is guarded as to the grounds for withdrawal.  Accordingly, it is not beyond the pale to consider that there is a substantive basis underlying the Motion, i.e. that GREENWAY is not providing supporting evidence because it never existed. If Pierce

---

[2] This was also the day they first learned the case existed.

Bainbridge and Ward Damon have concluded what all defendants have asserted since the outset— that the entirety of this case is a frivolous and malicious effort to hurt innocent parties— then Pierce Bainbridge and Ward Damon have the ability to do justice and to help their client to avoid additional liability by voluntarily dismissing the action.

WHEREFORE, the RYAN defendants respectfully request that this Court deny the Motion because the withdrawal will cause unnecessary prejudice and risk to the RYAN defendants.

Respectfully submitted,

Dated: March 29, 2019              /S/ *JAMES D. RYAN*
**JAMES D. RYAN, ESQ.**
FLORIDA BAR NO. 976751
JDR@RYANLAWGROUP.NET
SUE@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL  33408
MAIN: (561) 881-4447   FAX: (561) 881-4461
*COUNSEL FOR RYAN DEFENDANTS*

### CERTIFICATE OF SERVICE

I certify that on March 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record as provided on the list below.

/S/ *JAMES D. RYAN*
JAMES D. RYAN, ESQ.

Jonathan A. Sorkowitz            jsorkowitz@piercebainbridge.com
John M. Pierce                   jpierce@piercebainbridge.com
Pierce Bainbridge et al, LLP
20 West 23rd St., 5th floor
New York, NY 10010
(213) 262-9333 x115

Ronald Seth Nisonson,            nisonsonlaw@bellsouth.net; rnisonson@warddamon.com;
Ana Paula Moretto                ronlaw28@gmail.com; amoretto@warddamon.com;
Ward Damon                       litservice@warddamon.com; khushower@warddamon.com;
4420 Beacon Cir., WPB, FL 33407  lsease@warddamon.com;
Tel 561-922-6903   Fax 561-842-3000